PER CURIAM.
In these consolidated appeals, Perfuma-nia Holding Corporation, Business Credit Corporation (“BCC”), and XL/Datacomp, Inc. appeal rulings of the trial court in a lawsuit arising out of a commercial transaction.
Defendant BCC appeals a partial summary judgment in favor of plaintiff Perfu-mania on Perfumania’s count for breach of contract. We conclude that the summary judgment is entirely correct and agree with the trial court that the summary judgment on this count is fatal to all of BCC’s counterclaims.
As to Perfumania’s claim for indemnity against XL/Datacomp, Inc., we conclude that the cross-appeal is correct. Perfuma-nia agreed to purchase computer equipment from XL/Datacomp. After the equipment was delivered, Perfumania sought financing from BCC. This was to be structured as a sale/lease-back transaction, whereby BCC would purchase the computer equipment and lease it back to Perfumania. BCC never performed on its agreement and XL/Datacomp was never paid for the computer equipment. Eventually, Perfumania and XL/Datacomp entered into a rescission agreement whereby the computer equipment was returned to XL/Datacomp. Perfumania and XL/Data-comp each released all claims against the other which either of them “had, now have, or hereafter can or may have ... by reason of any matter ... whatsoever arising from or relating to the [previous computer purchase] Agreements_” (R. 95).
Thereafter in the litigation below, BCC contended that title to the computer equipment had actually passed to BCC. BCC sought replevin and claimed damages for conversion of the computer equipment by reason of Perfumania’s return of the computer equipment to XL/Datacomp. Perfu-mania then sued XL/Datacomp, seeking indemnity for any judgment BCC might recover against Perfumania, and also seeking indemnity for Perfumania’s attorney’s fees in defending against the claims by BCC.
We agree with XL/Datacomp that the release entered into by the parties was broad enough to bar Perfumania’s claim for indemnity in this case. The rescission agreement was entered into by Perfumania and XL/Datacomp in order to “unwind” their previous computer purchase agreements. This included the return of the computer equipment by Perfumania to XL/Datacomp. It was BCC’s theory that the rescission agreement and the return of the computer equipment pursuant thereto constituted a conversion of BCC’s property. BCC’s claim was, in our view, a matter “relating to the [previous computer pur *978 chase] Agreements.... For that reason (which differs from the reasoning and interlocutory orders of the trial court), Perfu-mania’s claim for indemnity was correctly dismissed with prejudice.
Affirmed*

 For present purposes we have assumed arguen-do, but do not decide, that Perfumania had stated a claim for common law indemnity.